# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| KENT CRABTREE, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>FASKEN OIL AND RANCH, LTD. | Civil Action No. 7:20-cv-00227<br><br>COLLECTIVE ACTION (29 U.S.C. § 216(b)) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Kent Crabtree brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant Fasken Oil and Ranch, Ltd. ("Fasken").

2. Crabtree and the other workers like him regularly worked for Fasken in excess of 40 hours each week.

3. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead of paying overtime as required by the FLSA, Fasken paid these workers a daily rate with no overtime pay and improperly classified them as independent contractors. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial amount of the events giving rise to the claims occurred in this district and division. Specifically, Crabtree worked for Fasken in and around Midland County.

## THE PARTIES

7. Crabtree worked exclusively for Fasken as a Completions Consultant from 2018 through 2019. Throughout his employment with Fasken, he was paid a day-rate with no overtime compensation and was classified as an independent contractor. His consent to be a party plaintiff is attached as **Exhibit A**.

8. Crabtree brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Fasken's day-rate system. Fasken paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated employees ("Putative Class Members") consists of:

> **All oilfield workers employed by, or working on behalf of, Fasken Oil and Ranch, Ltd. during the past three years who were classified as independent contractors and paid a day-rate.** (the "Putative Class Members").

9. Fasken Oil and Ranch, Ltd. is a Texas corporation and may be served with process through its registered agent, Charles F. Hedges Jr. at 6101 Holiday Road, Midland, Texas 79707 or wherever they may be found.

## COVERAGE UNDER THE FLSA

10. For at least the past three years, Fasken has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. For at least the past three years, Fasken has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. For at least the past three years, Fasken has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

13. For at least the past three years, Crabtree and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

14. Fasken treated Crabtree (and indeed all its workers that it classified as independent contractors) as employees and uniformly dictated the pay practices to which Crabtree and its other employees (including its so-called "independent contractors") were subjected.

15. Fasken's misclassification of Crabtree as an independent contractor does not alter its status as an employer for purposes of this FLSA collective action.

## FACTS

16. Fasken Oil and Ranch, Ltd. is an oil and natural gas exploration and production company operating throughout the Permian Basin.

17. To complete its business objectives, Fasken Oil and Ranch, Ltd hires oilfield personnel to perform the necessary work.

18. During the relevant time period Fasken Oil and Ranch, Ltd hired and fired, supervised and controlled, set pay, determined hours, and approved time sheets with respect to the Putative Class Members that performed work for them.

19. Many of these individuals who worked for Fasken as oilfield workers were paid on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work. Specifically, Fasken classified its oilfield workers as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that

workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

20. For example, Crabtree worked exclusively for Fasken from 2018 through 2019 as a Completions Consultant. Throughout his employment with Fasken, he was classified as an independent contractor and paid on a day-rate basis.

21. As a Completions Consultant, Crabtree's primary job duties included ensuring that the completion of the well was completed according to Fasken's specifications and well plan, as needed. Crabtree worked well in excess of 40 hours each week while employed by Fasken.

22. The work Crabtree performed was an essential part of Fasken's core business.

23. During Crabtree's employment with Fasken while he was classified as an independent contractor, Fasken exercised control over all aspects of his job. Fasken did not require any substantial investment by Crabtree for him to perform the work required of him.

24. Crabtree was not required to possess any unique or specialized skillset (other than that maintained by all other workers) to perform his job duties.

25. Fasken determined Crabtree's opportunity for profit and loss.

26. Fasken controlled all the significant or meaningful aspects of the job duties performed by Crabtree.

27. Fasken ordered the hours and locations Crabtree worked, tools used, and rates of pay received.

28. Fasken controlled all aspects of Crabtree's job activities by enforcing mandatory compliance with Fasken's policies and procedures.

29. No real investment was required of Crabtree to perform his job. Crabtree utilized equipment provided by Fasken to perform his job duties.

30. Crabtree did not provide the equipment he worked with on a daily basis.

31. Fasken made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Crabtree worked.

32. Crabtree did not incur operating expenses like rent, payroll, and marketing.

33. Crabtree was economically dependent on Fasken during his employment.

34. Fasken set Crabtree's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Fasken.

35. Fasken directly determined Crabtree's opportunity for profit and loss. Crabtree's earning opportunity was based on the number of days Fasken scheduled him to work.

36. Very little skill, training, or initiative was required of Crabtree to perform his job duties.

37. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Fasken.

38. Virtually every job function was pre-determined by Fasken, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

39. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

40. For the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

41. Crabtree performed routine manual and technical labor duties that were largely dictated by Fasken.

42. Crabtree was not employed by Fasken on a project-by-project basis.

43. In fact, while Crabtree was classified as an independent contractor, he was regularly on call for Fasken and was expected to drop everything and work whenever needed.

44. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12-hour shifts for weeks at a time. Instead of paying them overtime, Fasken paid the Putative Class Members a day-rate. Fasken denied the Putative Class Members overtime for any hours worked in excess of 40 hours in a single workweek.

45. Fasken's policy of failing to pay its independent contractors, including Crabtree, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

46. Because Crabtree (and Fasken's other independent contractors) was misclassified as an independent contractor by Fasken, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

47. Fasken's day-rate system violates the FLSA because Crabtree and the Putative Class Members did not receive any pay for hours worked over 40 hours each week.

### FLSA VIOLATIONS

48. As set forth herein, Fasken has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

49. Fasken knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Fasken's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

50. Accordingly, Crabtree and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

51. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Crabtree and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

52. From his observations and discussions with these employees, Crabtree is aware that the illegal practices or policies of Fasken have been imposed on the Putative Class Members.

53. The Putative Class Members all were classified as independent contractors, received a day-rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Fasken's unlawful compensation practices and are similarly situated to Crabtree in terms of relevant job duties, pay provisions, and employment practices.

54. Fasken's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Crabtree's experiences are typical of the experiences of the Putative Class Members.

55. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## JURY DEMAND

56. Crabtree demands a trial by jury.

## RELIEF SOUGHT

57. WHEREFORE, Crabtree prays for judgment against Fasken as follows:

   (a) For an order allowing this action to proceed as a collective action and directing notice to the class;

   (b) For an order pursuant to section 16(b) of the FLSA finding Fasken liable for unpaid back wages, and an equal amount of liquidated damages, due to Crabtree and the class members;

   (c) For an order awarding Crabtree and the class members the costs of this action;

   (d) For an order awarding Crabtree and the class members their attorneys' fees;

   (e) For an order awarding Crabtree and the class members unpaid benefits and compensation in connection with the FLSA and state law violations;

   (f) For an order awarding Crabtree and the class members pre- and post-judgment interest at the highest rates allowed by law; and

   (g) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    Michael A. Josephson
    Texas Bar No. 24014780
    mjosephson@mybackwages.com
    Andrew W. Dunlap
    Texas Bar No. 24078444
    adunlap@mybackwages.com
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**