**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | |
|---|---|
| KENT CRABTREE, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 7:20-cv-00227 |
| v. | COLLECTIVE ACTION (29 U.S.C. § 216(b)) |
| FASKEN OIL AND RANCH, LTD. | |

**UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND DISMISSAL OF CLAIMS WITH PREJUDICE**

## CONTENTS

I.    STATEMENT OF THE ISSUES AND SUMMARY OF THE
      ARGUMENT. ..............................................................................................................1

II.   BACKGROUND. ........................................................................................................1

III.  THE SETTLEMENT. ................................................................................................2

IV.   ARGUMENT. .............................................................................................................4

      A.    A Bona Fide Dispute Existed Between the Parties. ...................................4
      B.    The Settlement is Fair and Reasonable. ......................................................7
      C.    The Attorney's Fee Award to Crabtree' Counsel is Reasonable. ..........9

V.    CONCLUSION. ........................................................................................................12

Plaintiff Kent Crabtree (Crabtree), individually and on behalf of other similarly situated employees, files this Unopposed Motion for Approval of Settlement Agreement and Dismissal of Claims with Prejudice. Crabtree attaches the settlement agreement (the Agreement) between Crabtree and Defendant Fasken Oil and Ranch, Ltd. (Fasken) (collectively, the Parties) hereto in support of this motion.

## I.    STATEMENT OF THE ISSUES AND SUMMARY OF THE ARGUMENT.

The Parties have reached a settlement (the Settlement) of Crabtree's claims against Fasken for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA). The Settlement was the result of arm's length negotiations between experienced counsel for all Parties. The Settlement was accomplished after the Parties exchanged necessary information, including information concerning Crabtree and the Settlement Class Members' dates and hours worked, and amounts paid to them for services provided to Fasken during the relevant time period. The terms of the Settlement are reasonable, appropriate, and fair to all Parties. Accordingly, the Parties ask this Court to approve their negotiated Settlement and enter an order dismissing Crabtree and Settlement Class Members' claims against Fasken with prejudice as provided by the Parties' agreement.

## II.   BACKGROUND.

Crabtree filed this putative FLSA collective action lawsuit on September 17, 2020. *See* Doc. 1. Therein, Crabtree alleged that Fasken misclassified him as an independent contractor, paid him a day rate without overtime and failed to pay him and the Putative Class Members a guaranteed salary. *Id.* Crabtree sought damages from Fasken for back wages, liquidated damages, attorneys' fees, and costs. *Id.* Fasken denied Crabtree's allegations, and contended

that Crabtree and the day rate workers he sought to represent were properly classified as independent contractors and, if found to be employees, exempt under the FLSA who were not entitled to overtime compensation. Fasken further claimed that, assuming *arguendo* its classification and pay practices violated the FLSA, liquidated damages were not appropriate because it acted in good faith and that a two-year statute of limitations applied based on its alleged lack of a willful violation of the FLSA.

Crabtree's Counsel and Fasken's Counsel engaged in extensive informal discovery. After months of investigation, negotiations, and data exchange, the Parties came to an Agreement. The Parties' Agreement is incorporated in the Parties' settlement agreement (Exhibit 1) for which they now seek Court approval.

## III. THE SETTLEMENT.

As set forth in detail in the attached Agreement, the Parties reached a settlement of behalf of Crabtree and all workers who performed work for Fasken and who were paid a day rate without overtime. *See* Ex. 1. Crabtree and the Settlement Class Members' *pro rata* settlement awards were calculated based upon records of their actual compensation and dates of employment during the relevant time. As a result, Crabtree and Settlement Class Members will receive a pro-rata settlement award based upon the alleged compensation owed and time worked for Fasken during the relevant period. If the Settlement Class Members complete and return a claim form, they will receive settlement checks as set forth in the Parties' Agreement. *Id.*

In exchange for these payments, Crabtree and the Settlement Class Members who sign the claim form will release the Released Parties from all wage-related claims asserted or that could have been asserted in this Lawsuit. Only those Settlement Class Members who sign the claim form and decide to participate in the Settlement will be bound by the terms of the Settlement Agreement. In contrast, the rights of those Class Members who do not affirmatively choose to sign the claim form under the Parties' Settlement Agreement will not be impacted.

The Parties further agree that the individual settlement payments to Crabtree and the Settlement Class Members shall constitute payment in full compromise and settlement of all Released Claims, including any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees (as defined herein) for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or any other compensation and relief arising under the FLSA and any other state or local wage-related law applicable to the work performed for Fasken during the relevant time period. *Id.*

Further, Crabtree seeks Court approval of the following payments: (1) a Service Award to Named Plaintiff Crabtree in the amount of $1,000; (2) Attorneys' Fees equal to forty percent (40%) of the Settlement; and (3) out-of-pocket costs incurred by Class Counsel. Finally, Crabtree asks that the Court dismiss the claims in this matter, brought by Crabtree, with prejudice in accordance with his proposed order.

## IV.    ARGUMENT.

Crabtree now seeks the Court's approval of the Parties' Settlement. The Settlement represents a fair and reasonable compromise of a *bona fide* dispute concerning the legality of Fasken's compensation practices with respect to Crabtree and the Settlement Class Members during the relevant time period.

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be."  29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).  *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir. 1982)). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda,* 2009 WL 3233405, at *1 (quoting *Lynn's,* 679 F.2d at 1354). When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a *bona fide* dispute over the FLSA's provisions. *See Lynn's Food Stores,* 679 F.2d at 1355.

### A.  A Bona Fide Dispute Existed Between the Parties.

The Court can approve a settlement where there is a "bona fide dispute" amongst the parties. *See, e.g., Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163 (5th Cir. 2015). "The requirement of an adversarial posture between parties to a settlement agreement operates as a guarantee that employers cannot profit by coercing employees into waiving their rights, and then dressing that invalid waiver of the FLSA's protections as a valid settlement of a legal claim." *Sims v.*

4

*Hous. Auth. of City of El Paso*, No. EP-10-CV-109-KC, 2011 WL 3862194, at *6 (W.D. Tex. Sept. 1, 2011)."An actual dispute over the amount of overtime compensation due to an employee [can be] sufficient to create a bona fide dispute for purposes of this factor." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018). In addition, a dispute as to whether employees were "misclassified as exempt" from the FLSA's protections can create a *bona fide* dispute. *Id.* at *2.

There is no question a *bona fide* dispute in this matter exists between the Parties. Here, the Parties contested the claims and defenses asserted in the Lawsuit. Crabtree alleged Fasken misclassified Crabtree and the Settlement Class Members as independent contractors and failed to pay them overtime, instead paying them a day rate without overtime or a guaranteed salary. Fasken argued that the Crabtree and Settlement Class Members were properly classified as independent contractors and were paid in accordance with the law.

Further, Crabtree argued that Crabtree and the Settlement Class Members were similarly situated in the terms of relevant job duties and compensation practices, regardless of the job position, length of time, or location worked for Fasken, while Fasken maintained that the Crabtree and the Settlement Class Members were not similarly situated and that their claims should be tried independently of one another.

The Parties further disagreed on whether Crabtree could satisfy their burden to demonstrate that Fasken acted willfully, which in turn affects whether they could recover compensation for two (2) years or three (3) years. *See* 29 U.S.C. § 255. Crabtree also contend that Fasken would not be able to meet their burden to prove that Fasken acted in good faith in classifying and compensating Crabtree and the Settlement Class Members, which would

implicate the amount, if any, of liquidated damages. *See* 29 U.S.C. § 260. Fasken maintained that it acted in good faith, and not willfully, so that damages (if any) should not include liquidated damages and could only be recovered for a two-year period.

The Parties have fully analyzed the pertinent factual and legal issues in this case, as well as having assessed the strengths and weaknesses of the claims and defenses at issue. The Settlement was reached after substantial negotiation regarding the strengths and weaknesses of this matter's claims and defenses and eventually reached a settlement.

The Parties worked to resolve various complex, disputed issues, such as issues regarding tolling and damage calculations. If this case was not contemporaneously settled, there would undoubtedly be extensive future work to come, including dispositive motions, depositions, associated discovery disputes including possible subpoenas to a substantial number of third-parties, questions regarding applicability of the FLSA, good faith, willfulness, decertification, pretrial motions, trial, and potential appellate issues. Accordingly, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and (Crabtree in particular) recognized that their settlement represented a compromise of the range and uncertainty of their damages.

Finally, both Crabtree and Class Counsel believe that this settlement is in the best interest of both Crabtree and the Settlement Class Members. The Parties disputed whether collective treatment of Crabtree's FLSA claims was appropriate in this matter, and whether Crabtree were entitled to liquidated damages. If the matter was not resolved by settlement, there is a risk that Crabtree would not succeed in pursuing collective treatment of the action. Moreover, even if Crabtree achieved conditional certification, Fasken would undoubtedly

intend to move for decertification of the collective class following additional and complex discovery. This process would have been time-consuming and expensive for all Parties, and should Crabtree have ultimately prevailed, the additional time prior to Crabtree and Settlement Class Members receiving relief, if any, could have been substantial.

As such, the current Settlement before the Court is the result of a *bona fide* and contested dispute where serious questions of law and fact exist that place the ultimate outcome of the litigation in doubt. Without the Parties' willingness to engage in settlement discussions, this case would have not been resolved.

### B. The Settlement is Fair and Reasonable.

"There is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, Case No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010) (citing *Camp v. Progressive Corp.*, Case Nos. 01-2680, 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)). In addition, the fact "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

Here, the Agreement was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Counsel for all Parties have considerable experience in prosecuting, defending, and settling federal and state wage-and-hour claims, and in this case were particularly well informed as to the facts and circumstances of the Lawsuit after extensive formal and informal discovery on all issues over the life of this litigation. *See Cotton v. Hinton*, 559 F. 2d 1326, 1330 (5th Cir. 1977) (holding that the court is "entitled to rely upon the judgment of experienced counsel for the parties" in assessing a settlement and "absent fraud, collusion, or the like, should be hesitant to substitute

its own judgment for that of counsel"); *Shaw v. CAS, Inc.*, No. 5:17-cv-142, 2018 WL 3621050, at *3 (S.D. Tex. Jan. 31, 2018) (preliminarily approving settlement where counsel believed settlement was reasonable and adequate based on "comprehensive knowledge of the facts and legal issues"); *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-1969, 2009 WL 2856246, at *4 (E.D. La. Aug. 28, 2009) ("The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a . . . settlement.") (internal citations omitted); *see also Austin v. Pa. Dep't of Corrs.*, 876 F.Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659, 667 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446, 452 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

The Parties have been negotiating for over six months. The Parties conducted informal discovery, disputed damages, and liability which informed the Parties' respective positions on all issues in this case. And after the Parties reached an agreement in principle, the Parties engaged in further negotiations concerning the specific terms of the settlement and the scope of the Agreement. Indeed, it cannot be gainsaid that the settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard-fought negotiations.

Further, it is important to note that Crabtree, the representative plaintiff on behalf of his former coworkers, deems this settlement fair and reasonable. Crabtree took an active role

in this matter and stayed informed on the status of the matter. This is the agreement that the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) ("[T]he court cannot modify the bargained-for terms of the [class-action] settlement agreement.").

### C. The Attorney's Fee Award to Crabtree' Counsel is Reasonable.

Class Counsel's request for a 40% contingency fee is also fair and reasonable and Fasken does not oppose such an award. The Fifth Circuit recognizes that a contingency fee is desirable because it is predictable, encourages settlement, and reduces incentives for protracted litigation. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643-44 (5th Cir. 2012). Within the Fifth Circuit, customary contingency fees for class funds have ranged from 33.33% to 50%. *See In re Bayou Sorrel Class Action*, No. 6:04CV1101, 2006 WL 3230771, at *1 (W.D. La. Oct. 31, 2006). In FLSA cases such as this, the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (awarding a 40% contingency fee award in an FLSA matter); *Wolfe v. Anchor Drilling Fluids USA, Inc.*, Case No. 4:15-cv-1344 (S.D. Tex. Dec. 7, 2015) (Hoyt, J.) (40% fee); *Legros v. Mud Control Equip., Co.*, No. CV 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (same); *Heffernan Bryant v. United Furniture Indus., Inc.*, No. 1:13CV246-SA-DAS, 2017 WL 639320, at *5 (N.D. Miss. Feb. 16, 2017) (same); courts routinely approve settlements that includes an agreed upon fee equal to 40% of the common fund (in very similar litigation); s*ee also Nigh, et al. v. Energy Professionals Group, LLC, et al.*, No. 4:18-cv-01103, Doc. 89 (S.D. Tex. Mar. 11, 2020); *Whitaker v. BHP*

*Billiton Petroleum (Americas) Inc.*, No. 4:17-cv-02698, at ECF No. 30 (S.D. Tex. Aug. 7, 2019) (approving settlement agreement and 40% attorneys' fees in a case involving drilling consultants paid a day-rate); *Jones v. Bison Drilling and Field Services, LLC*, No. 7:17-cv-00167, at ECF Nos. 32 & 35 (W.D. Tex. Feb. 2019) (approving 40% fee in settlement for workers allegedly misclassified as independent contractors); *Brite v. Great Plains Analytical Services, Inc.*, No. 7:18-cv-00153, at ECF No. 24 (W.D. Tex. Feb. 12, 2019) (approving 40% fee in FLSA settlement); *Matthews v. Priority Energy Servs., LLC*, No. 6:15CV448, 2018 WL 1939327, at *1 (E.D. Tex. Apr. 20, 2018), adopted, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (same); *Sarabia v. Spitzer Industries, Inc.*, No. 4:17-cv-02092, at ECF No. 32 (S.D. Tex. May 24, 2018) (same); *see also Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (approving attorney fees of 40%).

Supreme Court precedent not only permits but endorses settlement of attorney's fees in aggregate litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."). Recent FLSA authority suggests that when they do under circumstances that exist here, that should end the matter. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("parties [are] entitled to settle the attorney fee issue, and no law g[ives a] district court authority to interfere with that unconditional right"). The Parties reached the agreed upon fee after reaching a settlement that dwarfs the average overtime settlement, ensures class members who decide to accept it will be paid promptly (indeed, immediately), and does not require those who wish to retain their claims to do anything. To the extent approval is necessary, it should be given here.

10

Further, this is the agreement the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 727 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) (holding, in a class action, "the court cannot modify the bargained-for terms of the settlement agreement"); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), *reh'g en banc denied sub nom. In re Deepwater Horizon—Appeals of the Economic and Property Damage Class Action Settlement*, 756 F.3d 320 (5th Cir. 2014), *cert. denied sub nom. BP Exploration & Prod, Inc. v. Lake Eugenie Land & Dev., Inc.*, 135 S.Ct. 754 (2014); *Blanchard v. Forrest*, CIV. A. 93-3780, 1996 WL 28526 (E.D. La. Jan. 23, 1996) (overruling the magistrate's modification to consent judgment because courts lack authority to modify a settlement agreement). Courts have found that "any process of judicial review and approval of stipulated attorneys' fees in the event of a settlement of civil rights litigation is more deferential than resolving attorneys' fees in a disputed case." *See, e.g.*, *Melgar v. OK Foods*, 902 F.3d 775 (8th Cir. 2018) (reversing district court's reduction of attorney fees from the agreed-upon settlement amount in an FLSA action).

The Parties have been pursuing this matter since September of 2020. Informal discovery occurred on every issue in this case ranging from conditional certification, exemption defenses, and damages. Crabtree's Counsel has spent considerable time prosecuting this matter. All Parties, including the Representative Plaintiff, believes a fee of 40% is

11

reasonable and necessary in this case, in addition to Class Counsel's request for reimbursement for reasonable and necessary expenses associated with prosecuting this matter as set forth in the Agreement.

## V.     CONCLUSION.

The Parties believe that the terms and conditions of the Agreement are fair, reasonable, adequate, and in the best interests of all Parties. As noted above, this proposed Agreement was reached following the exchange of information and data obtained from Fasken and after extensive negotiations. The Settlement provides Fasken with the highest possible absolution to resolve the pay practice at issue. Because of the various defenses asserted by Fasken and the possibility that Fasken may have successfully defeated or limited some or all of Crabtree's claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of a *bona fide* dispute. Moreover, given the strong likelihood that absent a settlement this case would have proceeded to lengthy and drawn out litigation, a compromise of the claims prevents all Parties from incurring the additional costs and delay associated with trial and possible appeal.

Plaintiffs hereby request that the Court: (1) approve this settlement, including all of the terms set forth in the Agreement; (2) allow the Agreement and all related documents to be filed under seal; (3) direct the Parties to implement the settlement process as set forth in the Agreement; and (4) dismiss the claims of Crabtree with prejudice.

Respectfully submitted,


By: */s/ William R. Liles*

Michael A. Josephson
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**William R. Liles**
Texas Bar No. 24083395
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77005
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
wliles@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com


## CERTIFICATE OF CONFERENCE

I conferred with Defendant's Counsel regarding the relief sought herein and Defendant is unopposed.

*/s/ William R. Liles*
**William R. Liles**

13

## CERTIFICATE OF SERVICE

I served a copy of this document on all counsel of record via the Court's ECF system on May 13, 2021

*/s/ William R. Liles*
**William R. Liles**

14